# NO. 12-21-00007-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *QUINTON WOMACK,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Quinton Womack appeals his conviction for occlusion assault. In two issues, Appellant challenges the legal and factual sufficiency of the evidence. We reverse and acquit.

## BACKGROUND

Appellant was charged with occlusion assault[1] by an indictment alleging that he did

> intentionally, knowingly, and recklessly cause bodily injury to Mary Shedd, a person with whom the defendant had or had had a dating relationship, as described by Section 71.0021(b) of the Texas Family Code, by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of the said Mary Shedd by applying pressure to the throat or neck of the said Mary Shedd.

Subsequently, he applied to participate in the Cherokee County District Attorney's Pretrial Diversion Program. One of the program's requirements was that Appellant would "provide a truthful, voluntary statement about the crime." When he entered the program, Appellant signed a statement admitting that he "intentionally, knowingly, and recklessly caused bodily injury to Mary

---

[1] A third-degree felony, punishable by imprisonment for a term of not more than ten years or less than two years and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.34, 22.01(b)(2)(B) (West Supp. 2021).

Shedd, a person with whom [he] had or had had a dating relationship, as described by Section 71.0021(b) of the Texas Family Code, by hitting Mary Shedd in the chest."

Later, when Appellant failed to comply with all the program's requirements, his participation in the program was terminated. Appellant then pleaded "not guilty" to occlusion assault, and the matter proceeded to a bench trial. Ultimately, the trial court found Appellant "guilty" of occlusion assault and assessed his punishment at imprisonment for a term of six years. This appeal followed.

<u>EVIDENTIARY SUFFICIENCY</u>

In Appellant's first issue, he argues that the evidence is factually insufficient to support his conviction. In his second issue, he argues that the evidence is legally insufficient to support his conviction.

**Standard of Review and Applicable Law**

The *Jackson v. Virginia*[2] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2686-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact

---

[2] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

A successful legal sufficiency challenge will normally result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed 2d 642 (1982). When a court of appeals finds the evidence supporting a conviction to be legally insufficient, the court is not necessarily limited to ordering an acquittal but may instead reform the judgment to reflect a verdict of guilty on a lesser-included offense—even when no lesser-included instruction was given at trial. *Thornton v. State*, 425 S.W.3d 289, 294 (Tex. Crim. App. 2014). The court may reform the judgment to reflect a verdict of guilty on the lesser-included offense only if it determines that (1) in convicting the appellant of the greater offense, the jury must necessarily have found every element necessary to convict him of the lesser-included offense, and (2) the evidence is sufficient to support a conviction for the lesser-included offense. *Id.* at 299-300.

To prove Appellant guilty of occlusion assault as charged in this case, the State was required to prove that he (1) was or had been in a dating relationship with Shedd, and (2) intentionally, knowingly, or recklessly impeded Shedd's normal breathing or blood circulation by applying pressure to her throat or neck. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B).

## Analysis

Appellant argues that the evidence in this case is legally and factually insufficient to support his conviction because the record contains no evidence that he impeded Shedd's normal breathing or blood circulation. Regarding Appellant's first issue, because the *Jackson v. Virginia* legal sufficiency standard is the only sufficiency standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt, we decline to conduct a factual

sufficiency review here. *See **Brooks***, 323 S.W.3d at 895. Accordingly, we overrule Appellant's first issue.

Regarding Appellant's second issue, we agree with him that the record contains no evidence that he impeded Shedd's normal breathing or blood circulation. At trial, the State's evidence wholly consisted of two unsponsored exhibits and the testimony of Appellant's pretrial diversion supervisor. The State's first exhibit was Appellant's pretrial diversion application, including his confession statement. In the statement, Appellant acknowledged hitting Shedd in the chest, not impeding her breathing or blood circulation. The State's second exhibit was a photograph of what appears to be a woman with some bruising on her neck. No witness testified regarding the identity of the woman or any other facts or circumstances surrounding the photograph. The photograph, without any such accompanying testimony, does not constitute evidence that Appellant impeded Shedd's breathing or blood circulation. The pretrial diversion supervisor testified only about Appellant's level of compliance with the pretrial diversion requirements.

Because the record contains no evidence that Appellant impeded Shedd's normal breathing or blood circulation, no rational trier of fact could have found the essential elements of occlusion assault beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(2)(B). Therefore, we conclude that the evidence is legally insufficient to support his conviction for occlusion assault. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson***, 871 S.W.2d at 186. Accordingly, we sustain Appellant's second issue. We further conclude that, even if Appellant's confession statement is sufficient to support a conviction for bodily injury assault,[3] we must acquit Appellant rather than reform the judgment to reflect a verdict of guilty for bodily injury assault because bodily injury assault is not a lesser-included offense of occlusion assault when the disputed element is the injury. *See **Thornton***, 425 S.W.3d at 294; ***Ortiz v. State***, 623 S.W.3d 904, 805 (Tex. Crim. App. 2021).

## DISPOSITION

Having overruled Appellant's first issue and sustained his second issue, we ***reverse*** and ***acquit***.

---

[3] A Class A misdemeanor, punishable by confinement for a term not to exceed one year, a fine not to exceed $4,000.00, or both such fine and confinement. *See* TEX. PENAL CODE ANN. §§ 12.21 (West 2019), 22.01(a) (West 2021).

4

**GREG NEELEY**
Justice

Opinion delivered February 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 9, 2022**

**NO. 12-21-00007-CR**

**QUINTON WOMACK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 19893)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and **a judgment of acquittal rendered** herein in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*